case number 20-3707 USA versus Marcus Henderson or large of it not to exceed 15 minutes per side Mr. Kurt for the appellant. Good morning your honors and may it please the court I've asked to reserve five minutes for rebuttal. Very well. And I represent Marcus Henderson who was convicted in the district court here in Toledo of two counts, one being the Hobbs Act violation, the other being a violation of 18 USC 1791, which is a statute that specifically prohibits the conveyance of certain items into a jail or prison facility. Mr. Mr. Henderson was tried twice in the first trial, he was convicted of the 1791 count which was a misdemeanor in that trial through counsel, he freely admitted the conduct that the government had accused him of. He had conveyed a telephone and a quantity of tobacco into the Lucas County Correction Center for Mr. Henderson was a guard. So clearly he had violated section 1791 the misdemeanor part of it based on what he had conveyed into the facility. As to the Hobbs Act, the jury hung on that issue. The jury had several questions, all related to what is an official act. And that's essentially the question that brings this appeal. He was retried on the felony and convicted of the felony in the second trial. The judge changed the instruction to the jury in the first trial, at the request of Mr. Henderson, the jury was given the full instruction from the McDonnell case, which is to describe what an official act is, getting all the way to the point of describing to the jury or telling the jury that the official act must be similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. Direct language from the McDonnell case, inappropriate. In the second trial- Counsel, for me, the question here is, to what extent is this language from the McDonnell case, something that has to be used in all Hobbs Act cases, or is it really just geared toward the facts of McDonnell in that scenario, which was not a prison case, it was involving the governor of a state in terms of his acts. What's your argument? Why is it that McDonnell really has to be applied in the prison context? Well, your honor, frankly, all the language in the McDonnell case is necessary. None of it is conditioned or tied to the specific facts of the McDonnell case. And without it, we're left essentially with nothing. We have no way to define what is an official act other than to go with a very broad, open-ended approach that had been used before the McDonnell case, and which the McDonnell court emphatically said that this can't be, that the official act has to be circumscribed definitionally for the jury. Otherwise, the jury's out there just kind of floating around, looking for some way to resolve the issue. Mr. Curt, I understand that. And that was the basis of the 11th Circuit's holding in, I think it's called Van Buren. But what I don't understand in this particular case is, unlike in Van Buren, here the government framed for the jury, they had one argument about what the relevant matter was. And their argument was, well, the relevant matter is this disciplinary board hearing that never took place because your client, on their theory, thwarted that by not making his mandatory report about the contraband. So their theory, what they argued to the jury was, this is the matter. The matter element is fulfilled by this disciplinary hearing that never happened. What I don't know, then, is how is your client harmed by not getting an instruction that offers an analogy that perfectly fits the government's theory by which it wants to convict? That seems not to help your client at all. They're arguing the matter is the hearing, and you would like the instruction to say a matter must be a hearing. Well, the instructions say more than that, respectfully, Your Honor. The instructions say that it must be similar in nature to some very specific kinds of hearings or lawsuits, etc. But was the defense theory that the disciplinary board hearing that the government says was the relevant matter, was your argument, well, no, that doesn't count. That doesn't, that's not official enough. That's not high level enough. Was that your argument? Because I didn't see that. Well, I'm not sure if that came through so clearly, Your Honor. But obviously, the government had the burden of proving that element. The argument was made quite forcefully at trial by trial counsel that this was not an official act. And so... Could I ask a question? And again, I don't want to trample on your response to Judge Larson. That's fine. Would you, taking the legislator example, would it be an official act if the legislator was bribed to abstain or not vote on a particular issue, on a particular bill? To abstain as opposed to voting against? Yeah, just to not vote. I suppose that could be an official act, and I think that you... And he says, okay, I was going to vote for it, but now I'm not, now I'm going to be home when that happens. I suppose that could be an official act, and I think that you... All right, so it would have to be, wouldn't it? It would be sort of absurd if it wasn't. I suppose. Okay. So if you look then, you say, well, that was the case that deals with... But on the other hand, having a discussion about whether to vote or attending a seminar on whether to vote and being bribed to go to that discussion or that seminar, that probably wouldn't be an official act under the holding in McDonald, right? Wouldn't be, yes. Right, okay. So I'm trying to analogize that to the prison official situation. This is not a legislator. This is a prison official who presumably has to make the prisoners follow the rules, right? So the prisoner may be following the rules, may not be following the rules. If someone is bribed to determine whether a prisoner is following the rules or not, it would seem like that was acting within his official, within his office, right? Possibly, and I appreciate the distinction. Okay, so therefore, I'm just wondering why it doesn't sort of naturally fit if you change the context to say that if somebody is bribed not to do the official act that they're supposed to do, which is prohibit certain kinds of activity from coming into the prison or certain kinds of cell phones from coming into the prison, that that's, I don't know, causing a determination before an agency, which is one of the categories right in McDonald. It would seem to be kind of a strange interpretation of the Hobbes Act to say that this is his duty, maybe it's not, but it's his duty to keep cell phones out, and he neglects that duty and he does it because he's bribed. Seems to be on all fours with the don't vote for this bill. Can you distinguish those? Well, your honor, I don't know that I can intellectually distinguish those, but this would be a question for the jury, and I appreciate that. Well, I understand, but then I wonder if it's possible, if it's reasonably possible, reading that that's a violation of the statute, then isn't it confusing to introduce a lot of language about a committee or these other, you know, a lawsuit before a court? I mean, the job of this officer is not to go to court or go before a committee like a legislator might, it's to apply the rules that govern what prisoners can do. There may be one rule that you can get pictures of your spouse, and another rule that says you can't get a cell phone that you can talk with your spouse, that's a distinction. Maybe the policeman, I'm sorry, the corrections official in the prison guard is bribed to make one decision versus another or not to make a decision that something is illegal. I just have trouble seeing why that's not an official act when it's right at the core of what he's supposed to be doing, which seems to be the distinction that's going on in McDonald. You know, having lunch with somebody is different from, and being paid for the time that you spend having lunch with somebody, you know, that might be questionable, but it doesn't meet the Hobbs Act. But when he actually declines to vote as a quid pro quo for the money, that looks like an official act. I can't see why the same kind of analysis transferred to the prison situation wouldn't precisely cover this kind of activity. Can you respond to that for me? Yes, Your Honor. And I appreciate the logic of what you're saying, and I think it's logically correct. However, at the end of the day, it's a question for the jury, and the choice is either to have the trial court take the issue from the jury, which I don't think would be inappropriate in a criminal case, or to give no instruction at all, which would not be appropriate. So now we're left with a... Fair enough. But I would just... I know the time is up. If it's all right, Judge Bush, if I could have a follow-up question. The follow-up question then is, if that's a little confusing, wouldn't the judge be reasonable in saying, and I don't want to give examples that come from a different context, because that might confuse the jury. Better not to use that and use the language, general language, for instance, from our pattern instructions, than language which talks about lawsuits and hearings before a committee, which even confused the 11th Circuit. I mean, they might confuse the jury. Understood, Your Honor. But again, even the pattern instructions actually takes language from McDonnell. So... But he got the panel instruction though, right? He got... Yes, he did. That's correct. But you're arguing that he's entitled to this language, which deals with hearings and lawsuits. That's hard for me to understand. Well, Your Honor, the similar in nature language dealing with lawsuits and agency hearings and committee hearings and agency determinations flows naturally from the previous language in McDonnell. The language, what I would say, is above it. And I don't think it's correct for the district court to just decide, well, here's where we can stop. Frankly, you could argue, one could argue that none of the language in McDonnell really applies to a prison guard case. Maybe the Hobbs Act shouldn't be applying to a prison guard case. I mean, the government chose to... It's kind of what you're arguing, isn't it? I'm sorry? That's the effect of your argument is the Hobbs Act doesn't apply outside of the legislator context. Well, I frankly don't think that it should. Well, I wouldn't go that far with it, but the appropriate charge here was the section 1791 charge, excuse me, that specifically talks about conveying items into a jail. I think the government decided to entice them merely with tobacco and a cell phone, I suppose anticipating that it would not go along with a drug deal. And so they got that, but they wanted more and they wanted a felony instead of a misdemeanor. So now we're trying to make a Hobbs Act prosecution work here where, honestly, I don't think it fits, but it is what it is. But if they're going to use the Hobbs Act prosecution, I think Mr. Henderson is entitled to the full instruction from McDonnell. There's nothing in McDonnell that says, here's where you can stop. I take your answer. Thank you. Thank you. Thank you, Mr. Kurt. Mr. Ewing. Thank you. Good morning, Your Honor. May it please the court, James Ewing for the United States. The district court here did not abuse its discretion by providing this court's pattern jury instruction, and the government's evidence was sufficient to support Henderson's conviction. Turning to the jury instruction question first, you know, McDonnell is really not all that new at this point. It was handed down five years ago in 2016, and Henderson is before this court with no precedent from this court or no support from this court's pattern jury instructions regarding the portion of the instruction that he wishes to, that he says was error. The circuit's pattern jury instructions cite to McDonnell, and they do not include this similar in nature to language for the very reason, Judge Rogers, that you were discussing and that the 11th Circuit noted in the Mayweather opinion that essentially just sows confusion in a case like this. In preparation for this argument, I looked at all the other pattern jury instructions for the other circuits, and I can tell you that the 3rd, 4th, 7th, 9th, and 10th Circuit Courts of Appeal also cite to McDonnell in their pattern jury instructions and also do not require this language. So courts have looked at this. This is not new. Courts have said, courts have figured out what does McDonnell require and what does it not require. And the district court judge here told the jury, this official act has to be a formal exercise of government power. It has to be something specific and focused. The person has to be a public official. He has to make a decision or take an action on that official act. So, you know, Henderson is not right that he either gets this language or we're back at sea pre-McDonnell. That's just not that's not accurate. You know, Henderson does point to the Van Buren case and the 11th Circuit pattern jury instructions is the only circuit in the country that specifically requires this similar nature to language in their pattern jury instructions. The 8th Circuit talks about it in a note, but the 11th Circuit is the only circuit that requires it. And then that court clarified that just last month in the Mayweather opinion, where they said, you know, look, this language just simply doesn't map on to a prison guard type situation because those are public officials just like the governor of Virginia. But they have different actions that they take. They're not going they're not going to court. They're not doing you know, they're not personally participating necessarily in an agency determination and that sort of thing. And what's interesting, if you look at McDonald and I think that this pattern, this court's pattern jury instructions deal with McDonald's core concerns. McDonald's core concerns were, look, it the official act, the matter cannot be something like the economy of Virginia. It can't be something so so general in nature. And so that's what this court and this court talked about it also in DeMora at page 503 of DeMora, where this court said, you know, McDonald requires three clarifying instructions, formal exercise of government power, something specific and focus that is pending or may be brought. And in that case, they talked about that a meeting or arranging a phone call is not necessarily enough, which made perfect sense in the context of DeMora. And this court also said in Lee at page 355 of Lee that and granted, you know, Henderson's correct. That was in the context of a sufficiency claim in that case. But the court did say in a published opinion that and this is a quote, the pattern jury instructions were, quote, consistent with McDonald's narrow definition of official act. So he has no support for the proposition that he was entitled to this language. The only case that he can cite to from an out of jurisdiction was clarified as to this specific fact pattern, which the Mayweather opinion in the 11th Circuit also dealt with corrections officials just last month. So that's point one point two is he can't show under this court's three prong test from Godofsky that he was entitled to this language. Godofsky talks about, you know, that, well, first of all, it says that the district court has broad discretion in fashioning jury instructions. And so we would maintain that even if this court thought that he quotes McDonald correctly, it's not an it's not it's not he's not quoting the case incorrectly. But we would say, you know, on prong one of Godofsky that it's it would not be a correct statement of the law that he's required to have this language in these circumstances. We would also say that his concerns regarding, you know, how completely broad this concept was going back to pre-McDonald has been substantially covered by this court's pattern jury instructions. And third, but this is the most kind of probably the most important Godofsky point that I'll make, he has to show that the failure to give this language substantially impaired his defense. So his defense was smuggling contraband into a prison is not an official act. And this is really interesting because in the district court and really still in this court, the parties are talking past each other on this point because we never claimed that was the official act that we were talking about. If you look at page 1565, which was the AUSA's rebuttal closing, the AUSA said it's not an official act to smuggle contraband. That's not the official act that we're talking about here. So he didn't need this extra language to make the argument that he made. He wanted it because it sowed confusion. And so that was the reason. Is there something in the district court record explaining saying that that it caused confusion and that was the reason why it was not included the second time around when it was included the first time? Yes, your honor. There was a there was at a trial conference prior to the second trial. The district court judge said, you know, I think I'm just going to adhere to the pattern jury instruction this time, because based on the jury, the first jury's multiple questions about the definition of official acts, it appears that my you know, my my instruction in that case just confused them. And that's what's important is that really the what's kind of interesting about that kind of first that first trial, which it sounds like it was either 11 to one or 10 to two to convict. That was also discussed on the record prior to the second trial. But and you never can tell about juries and why, you know, jurors make certain decisions. But they did ask a bunch of questions about the definition of official acts. And really, the facts in this case were basically undisputed. So to the extent that the jury is confused in that first trial, that's really kind of a real world example of what the 11th Circuit was talking about in Mayweather, that because really all the only thing that the the only thing that the jury has to do is map these facts, which, again, are basically undisputed. He's saying, look, I mean, what Henderson said really in both trials was, yeah, I smuggled the contraband into the prison, but that's not an official act. And so they really just have to map the law onto these facts that are essentially undisputed. So to the extent that the jury was confused by the by this information being in the instructions, the judge said, you know, look, I think it's probably a good course of action just to adhere to the panel jury or to the excuse me, to this court's pattern jury instruction. So that's that's what I plan to do. And the pattern jury instructions, of course, don't include this phrase and they don't include this phrase as do all. And again, it's, you know, five other circuit courts of appeal. There are certain there are a couple of circuits that don't have their pattern jury instructions available online or don't have any. So but as far as I can tell, the 11th Circuit is really the only the only circuit that requires this language in their official act definition. Again, the 8th Circuit discusses it in a note. And so but this is why it's kind of like a real world example. Why? And so our submission is he is well within his discretion when he's going into that second trial to say this didn't work and I'm not including that confusing language anymore because, you know, even in we would submit that even internally to McDonald itself, the phrase similar in nature to a lawsuit before court, a hearing before an agency or a determination of agency or hearing before a commission. That's it's internally confusing, even in that case, because McDonald said, you know, in some instance, we're not saying that a phone call can't ever be enough. Maybe it could be enough if you make a phone call as the governor of Virginia, for example, to attempt to pressure another official, a government official to take an official act, then that's potentially enough so that that phone call is not, you know, arguably not similar in nature to any of these three, any of these three things. But this kind of like one step removed aspect is covered by McDonald. But his Henderson's instruction doesn't tell the jury that they have no idea, for example, and this goes to Judge Larson's questions, that you can be one step removed from the administrative hearing in the in the in the jail. And we would submit that that, you know, that's one that was one of the official acts that we argued in the district court was the official act at issue here. We thought there were there were there were multiple official acts. We said, you know, look, smuggling contraband is not the official act that we're talking about, but there's a lot of other official acts that that fell squarely within Henderson's duties as a corrections officer, including the duty to confiscate contraband once inside the prison. That's from Sylvester's testimony at page 14, 28 to 30, and the duty to notify superiors of violations, the duty to write reports. And that's from government's exhibit for which was admitted at trial. I filed it on the district court docket in preparation for this argument. So you can see that it's the Lucas County Correction Department's code of conduct. And it starts at page 16, 25. So there are multiple. Official acts that that Henderson is either doing or not doing, refraining to do, as in he's refraining to vote for a particular thing, he's refraining to to notify his superiors that, hey, CL's got a cell phone and some tobacco in the prison. So this concept that, you know, the the five hundred dollars that we're only talking about the smuggling contraband into the prison, it's just not right. I mean, there's a there's a number of basically, you know, stepping back. Henderson used his official position and his official power as a prison guard to protect CL from, you know, consequences of having contraband in the prison for five hundred dollars. That is the essence of Hobbs Act extortion. It's in the heartland of Hobbs Act extortion. So, you know, to the extent that the parties are really kind of talking past each other about this idea of what is the official act and it really kind of points up the idea that, you know, you know, he didn't need he can't show that he need. First of all, as to the jury instructions claim, he can't provide this court with any authority that he was entitled to that language. Courts have looked at this. McDonnell is five years old at this point, and the court, the multiple judges, multiple circuits have looked at this. The only case he can point to, the Van Buren case, was clarified as to this particular fact pattern last month. And on the sufficiency claim, he's simply he's making the wrong. His argument rests on a faulty premise that the government's theory was that the smuggling was the official act. Our position in the district court was look, smuggling is illegal. Bringing contraband into the prison is independently unlawful. So that cannot be the official act that we're talking about. That's what we said. Page 1565. So, but he's got these multiple other official acts that he really doesn't deal with in the district court or this court. So for those reasons, he was simply not entitled to this instruction. The district court was well within its discretion to refuse to give this confusing language for the very reasons that the 11th Circuit has, as noted in Mayweather, and the government's evidence was more than sufficient to prove this, this, this crime, which was in the heartland, we would argue, of Hobbs Act extortion. Pending any additional questions from the court, we would ask that the court affirm the district court. Hey, thank you, Mr. Ewing, Mr. Curt. Thank you, Your Honor. Mr. Ewing talked about patterned instructions and how many of the circuits have patterned instructions, which do not include this language that we're talking about, the similar nature language. And he's correct. However, patterned instructions are not they don't have the force of law. They're they're instructive, their guidance. The law is that if a defendant asks for instruction, if it's a correct statement of the law and is necessary to his defense, then he's entitled to the instruction. The only way around that from the government's point of view would be to suggest to this court that the McDonald language, which isn't conditioned and it's not it's not stated as being suggestions. Cannot be simply snipped and cut at one point where it's convenient for the government. If McDonald says that this that an official act must have these attributes and it says exactly that it uses the word must, then that's a an accurate statement of the law. And B, it seems that it's a mandatory part of how a jury should be instructed. And I don't confuse the official act between the smuggling and these administrative requirements. I understand the argument being made by Mr. Ewing. The point is that. This is not a clearly not a agency hearing, it's not clearly a lawsuit, it's kind of a nebulous proceeding that he's talking about with the administrative hearing in the jail. And the jury needs to be instructed to be able to figure out whether, in fact, that's the kind of thing that relates to an official act. And to just say that we can snip and cut McDonald where it becomes inconvenient is not fair to Mr. Henderson. He's entitled to instruction and that's the basis of our argument. I don't think McDonald is internally confusing, I think, frankly, the whole issue of official act may be confusing, but the solution to that is not to give the jury less instruction. The solution is to give them the full instruction and let the jury figure it out. It's not an issue to be taken from the jury, so they need to be instructed and they need to be instructed all the way down the line. So. Would the court have any further questions? I don't believe we do. Thank you. Thank you, Mr. Kurt, and I noticed you are a CJA appointment. I appreciate your the court appreciates your time and the effort you've put into this case. It's my pleasure, Your Honor. And thank you, Mr. Ewing, for your efforts as well. So we will take the case under submission.